DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: deverie.christensen@jacksonlewis.com
Email: hilary.williams@jacksonlewis.com

*Attorneys for Defendant*
*Kiewit Power Constructors Co.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JACOB BRENTS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KIEWIT POWER CONSTRUCTORS CO., a foreign corporation; DOES I through X; and ROE Corporations XI through XX, inclusive;<br><br>Defendants. | Case No.: 2:25-cv-00987-CDS-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES**<br><br>**(FIRST REQUEST)** |

IT IS HEREBY STIPULATED by and between Plaintiff Jacob Brents ("Plaintiff"), by and through his counsel of record, Gabroy Messer, and Defendant Kiewit Power Constructors Co. ("Defendant"), by and through its counsel of record, Jackson Lewis P.C., as follows:

1. This matter was filed in the Eighth Judicial District Court of Clark County, Nevada on February 28, 2025, entitled *Jacob Brents v. Kiewit Power Constructors Co., a foreign corporation; DOES I through X; and ROE Corporations XI through XX, inclusive,* Case No. A-25-910331-C. Defendant was served on May 13, 2025 with a copy of the Summons and Complaint.

2. On June 4, 2025, Defendant removed the action to federal court based on federal question jurisdiction. ECF No. 1.

3. On September 17, 2025, the Court entered an Order granting the Stipulated Discovery Plan and Scheduling Order submitted by the parties. ECF No. 15.

4. This is the first request by the parties to extend the discovery deadlines as set forth in the September 17, 2025 Order. ECF No. 15.

5. This is a disability discrimination case. Pursuant to local rules, the parties engaged in an initial Early Neutral Evaluation Conference ("ENE") on November 12, 2025. Prior to the ENE, the parties exchanged initial disclosures and written discovery. The parties were unable to reach a resolution at the ENE and identified that further discovery would have to be conducted.

6. Since the ENE, the parties have engaged in discussions regarding other discovery activities including subpoenas and depositions. The parties continue to cooperate on planning for additional written discovery, depositions, and other discovery activities.

7. However, one of the two litigation partners at the Jackson Lewis P.C. Las Vegas office was hospitalized due to a medical emergency, and the remaining litigation partner, Deverie Christensen, is covering his caseload, along with her own, until his return, which is unknown. This is affecting counsel's availability and the parties' ability to set dates and move discovery forward. Counsel for the parties also anticipate increased difficulty in scheduling due to the upcoming holidays in December.

8. In light of the important discovery activities ongoing, the parties believe these circumstances warrant good cause for additional time to complete discovery.

11. The parties stipulate and agree to extend the deadline for the close of discovery for ninety (90) days to allow the parties to complete written discovery, expert discovery, and conduct necessary depositions in order to fully evaluate the claims and defenses presented.

**A. STATEMENT OF DISCOVERY THAT HAS BEEN COMPLETED**

The parties have exchanged hundreds of pages of documents in their initial and supplemental disclosures of documents and witnesses pursuant to FRCP 26(a)(1). Defendant also responded to Plaintiff's first set of requests for the production of documents.

### B. STATEMENT OF DISCOVERY THAT REMAINS TO BE COMPLETED

Plaintiff will seek depositions of Defendant through Rule 30(b)(6) witness(es) and will seek deposition of other individuals with knowledge of the facts at issue.

Defendant will seek the deposition of Plaintiff following additional written discovery requests and may depose Plaintiff's medical providers.

The parties will seek expert discovery. The parties also expect to engage in potential additional witness depositions, as well as additional written discovery, and other forms of discovery.

### C. PROPOSED SCHEDULE

The parties stipulate and agree that:

1. **Expert Disclosures**: The disclosure of experts and expert reports shall occur by **March 12, 2026**, which is not later than sixty (60) days before the discovery deadline. Disclosure of rebuttal experts and their reports shall occur by **April 13, 2026**, which is the first business day following thirty (30) days after the initial expert disclosures.

2. **Discovery:** The discovery period shall be extended ninety (90) days from **February 9, 2026 to May 11, 2026**.[1] The deadline to request an additional extension to the discovery period shall be April 20, 2026, twenty-one (21) days before the scheduled discovery cut-off.

3. **Dispositive Motions:** The parties shall have through and including **June 10, 2026**, to file dispositive motions, which is 30 days after the discovery deadline.

4. **Pre-Trial Order:** If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or by further order of the Court.

5. Extensions or Modifications of the Discovery Plan and Scheduling Order: In accordance with Local Rule 26-3, a stipulation or motion for modification or extension of this

---

[1] May 11, 2026 is the first business day following a ninety day extension.

discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

### D. GOOD CAUSE SUPPORTS THIS REQUEST.

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation."

Here, good cause exists to extend the discovery schedule as requested herein. The parties have cooperated in early settlement discussions and have acted in good faith to comply with the discovery deadlines. The parties will continue to cooperate in scheduling depositions and remain diligent in moving forward with these activities.

The parties remain committed to moving diligently through discovery but given the sudden medical absence of a litigation partner in the Jackson Lewis office, Defendant's counsel has doubled her caseload and is handling urgent unexpected matters. To ensure Defendant is not prejudiced by this external delay, and to allow both parties to adequately schedule for the discovery

LAS VEGAS

4

activities ongoing, the parties believe this extension is warranted. To avoid unnecessarily creating hardship, counsel have agreed to extend all relevant discovery deadlines by ninety (90) days.

This stipulation and order is sought in good faith and not for the purpose of delay.

Dated this 19th day of November, 2025.

| GABROY MESSER | JACKSON LEWIS P.C. |
|---|---|
| */s/ Christian Gabroy*<br>Christian Gabroy, Bar #8805<br>Kaine Messer, Bar #14240<br>The District at Green Valley Ranch<br>170 S. Green Valley Parkway, Suite 280<br>Henderson, NV 89012<br><br>*Attorney for Plaintiff*<br>*Jacob Brents* | */s/ Deverie J. Christensen*<br>Deverie J. Christensen, Bar # 6596<br>Hilary A. Williams, Bar #14645<br>300 South Fourth Street, Suite 900<br>Las Vegas, Nevada 8910<br><br>*Attorneys for Defendant*<br>*Kiewit Power Constructors Co.* |

**ORDER**

IT IS SO ORDERED.

_____
United States District/Magistrate Judge

Dated: November 20, 2025

4905-1993-3819, v. 1