UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jacob Brents,

               Plaintiff

v.

Kiewit Power Constructors Co.,

               Defendant

Case No. 2:25-cv-00987-CDS-BNW

**Order Granting Defendant's
Motion to Partially Dismiss**

[ECF No. 6]

Plaintiff Jacob Brents brings this discrimination action against defendant Kiewit Power Constructors Co., raising five claims: (1) a violation of Title VII, sex discrimination/harassment; (2) a violation of the Americans with Disabilities Act (ADA); (3) retaliation; (4) negligent hiring, training, and retention; and (5) a public policy claim related to individuals who pursue workers compensation claims. *See* Compl., ECF No. 1-1. Kiewit moves to partially dismiss the complaint. Mot., ECF No. 6. This motion is fully briefed. *See* Opp'n, ECF No. 8; Reply, ECF No. 10. For the following reasons, Kiewit's motion is granted.

I.       **Background**[1]

As alleged, some time before November 7, 2022, Brents began an apprenticeship with Kiewit and later became a Heavy-Duty Repairman. ECF No. 1-1 at 4, ¶ 16. On November 7, 2022, a Kiewit employee sent Brent an unprovoked and unexpected text message calling him a "fag." *Id.* at ¶¶ 17–18. Also, on an unknown date, Brents was kicked in the testicles with steel-toe boots by his supervisor, which caused Brents to fall on his hands and knees in extreme pain. *Id.* at ¶ 21, 23.

---

[1] Unless otherwise noted, the court only cites to Brents's complaint (ECF No. 1-1) to provide context to this action, not to indicate a finding of fact.

Brents sought medical treatment for the kick and underwent an ultrasound to check for injury. *Id.* at ¶ 24–25. In turn, Brents received a doctor's note advising he was unable to work. *Id.* at ¶ 24. He also informed his supervisor about the ultrasound. *Id.* at ¶ 26. At some point, Brents received another text message from the same employee who had called him a "fag" via text, asking, "boy or girl?" in reference to Brents's ultrasound. *Id.* at ¶ 27.

On an unknown date and time, Brents advised Kiewit that he intended to pursue a workers' compensation claim. *Id.* at ¶ 28. Then, on March 3, 2023, Brents was terminated. *Id.* at ¶ 29.  Brents alleges the proffered reasons for his termination were pretextual. *Id.* at ¶ 30.

**II.     Legal standard**

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless the complaint's deficiencies clearly cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely"

give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  Discussion

#### A.  Brents fails to plead administrative exhaustion for claims one through three.

Kiewit argues that the first three claims should be dismissed because Brents fails to sufficiently plead administrative exhaustion before pursuing these claims. ECF No. 6 at 4. In response, Brents asserts that despite repeated requests, neither the Equal Employment Opportunity Commission (EEOC) nor Nevada's Equal Rights Commission (NERC) provided the plaintiff with a right-to-sue letter, so he had no choice but to bring this action without them to preserve other claims. *See* ECF No. 8 at 5–7. Brents further argues that the court could either stay this action pending receipt of the letters or find that this argument is moot because Brents received the NERC letter. *Id.* at 7–8. In reply, Kiewit argues that Brents's request for a stay violates Local Rule IC 2-2(b),[2] and it maintains that the complaint should be dismissed for failing to properly plead administrative exhaustion and state a claim. *See* ECF No. 10 at 2–5.

Title VII's exhaustion requirement is a mandatory claim processing rule. *Fort Bend County v. Davis*, 587 U.S. 541, 551 (2019); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). In Nevada and "[u]nder Title VII, a plaintiff **must** exhaust . . . administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002) (emphasis added), *as amended* (Feb. 20, 2002); *see also* Nev. Rev. Stat. § 613.430(1) (setting forth the timeline for filing an action after receiving the right to sue letter from NERC). However, the court should "construe the language of EEOC charges with utmost liberality since

---

[2] Local Rule IC 2-2(b) requires "for each type of relief requested or purpose of the document, a separate document must be filed." LR IC 2-2(b). Thus, Brents's countermotion for a stay indeed violates Local Rule IC 2-2(b), s*ee Pribyl v. Allstate Ins. Co.*, 2018 WL 4088015, at *4 (D. Nev. Aug. 27, 2018), so it is denied.

they are made by those unschooled in the technicalities of formal pleading." *Id.* (internal quotation omitted). "Allegations of discrimination not included in the plaintiff's administrative charge 'may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" *Id.* (quoting *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989)). "[T]the crucial element of a charge of discrimination is the factual statement contained therein." *Id.* (internal quotation omitted).

Without a right to sue letter, the court cannot evaluate what the agency or agencies investigated or what potential claims can be pursued here. The court understands that the letter was received on the date Brents filed his opposition to this motion, but this court will not overlook a *mandatory* exhaustion requirement. Thus, I find that Brents did not exhaust his administrative remedies.[3] But this deficiency is easily rectified, so Kiewit's motion to dismiss the first three claims is granted. Brents's first three claims are dismissed without prejudice and with leave to amend.

### B. Brents fails to sufficiently plead a claim for negligent hiring, training, and retention.

Kiewit argues that Brents's fourth claim should be dismissed for three reasons. First, it asserts that Nevada Revised Statute (NRS) § 613.330 and Nevada's Industrial Insurance Act (NIIA) preclude the claim. ECF No. 6 at 8–10. Second, Kiewit argues that this claim is based on the same allegations as Brents's discrimination claims and thus does not give rise to a separate common law tort claim. *Id.* at 9. Third, Kiewit argues that this claim is preempted by NIIA and the economic loss doctrine. *Id.* at 9–10. Finally, Kiewit asserts that Brents fails to state a claim. *Id.* at 10–11.

---

[3] Because I dismiss based on failure to properly exhaust, I decline to address whether plaintiff sufficiently states a claim under Fed. R. Civ. P. 12(b)(6).

Brents opposes, arguing that neither NRS 613.330 nor the NIIA preclude this claim. ECF No. 8 at 10–13. Brents further avers that he has sufficiently pled this claim, so Kiewit's motion on those grounds should be denied. *Id.* at 13–14.

The Supreme Court of Nevada long has recognized that NRS 613.330 "provides the exclusive remedy for tort claims premised on illegal employment practices." *Schaefer v. Diamond Resorts Int'l Mktg., Inc.*, 2015 WL 1932196, at \*7 (D. Nev. Apr. 28, 2015); *see also Sands Regent v. Valgardson*, 777 P.2d 898, 900 (1989) ("[T]he legislature has addressed the gravity of violating Nevada's public policy against age discrimination by defining the extent of the remedy available to parties injured by such discrimination."); *D'Angelo v. Gardner*, 819 P.2d 206, 217 n.10 (Nev. 1991) ("[N]o additional court-created remedies . . . arise out of age-based wrongful discharge for which tort recovery is available by statute."). Here, Brents's only allegations under his negligent hiring, training, and retention claim are tied to his claims of unlawful discrimination and retaliation. *See* ECF No. 1-1 at 9–10. Indeed, Brents incorporates the prior allegations and then merely asserts that Kiewit breached its "duty of reasonable care" to protect him by failing to "supervise, train, and hire appropriate personnel." *Id.* at ¶ 82–83. Stated otherwise, Brents pleads no allegations specific to negligent hiring, training, and retention that exist outside of his existing allegations regarding discrimination; thus, Brents must proceed under Nevada's statutory provisions that remedy discriminatory behavior.

Accordingly, Kiewit's motion to dismiss claim four is granted. While seemingly futile, the court dismisses this claim without prejudice and with leave to amend. I dismiss the fourth cause of action without prejudice to allow Brents an opportunity to plead alternative grounds for negligent hiring, training, and retention that are not precluded by law.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that defendant's motion to dismiss **[ECF No. 6] is GRANTED**, so claims one through four are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Brents has until January 28, 2026, to file an amended complaint. Failure to comply will result in this action being dismissed without prejudice and without further notice.

Dated: January 14, 2026

_____
Cristina D. Silva
United States District Judge

6