DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
KYLE J. HOYT, ESQ.
Nevada Bar No. 14886
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: deverie.christensen@jacksonlewis.com
Email: kyle.hoyt@jacksonlewis.com

*Attorneys for Defendant*
*Kiewit Power Constructors Co.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JACOB BRENTS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KIEWIT POWER CONSTRUCTORS CO., a foreign corporation; DOES I through X; and ROE Corporations XI through XX, inclusive;<br><br>Defendants. | Case No.: 2:25-cv-00987-CDS-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES**<br><br>**(THIRD REQUEST)** |

IT IS HEREBY STIPULATED by and between Plaintiff Jacob Brents ("Plaintiff"), by and through his counsel of record, Gabroy Messer, and Defendant Kiewit Power Constructors Co. ("Defendant"), by and through its counsel of record, Jackson Lewis P.C., as follows:

1. This matter was filed in the Eighth Judicial District Court of Clark County, Nevada on February 28, 2025, entitled *Jacob Brents v. Kiewit Power Constructors Co., a foreign corporation; DOES I through X; and ROE Corporations XI through XX, inclusive,* Case No. A-25-910331-C. Defendant was served on May 13, 2025 with a copy of the Summons and Complaint.

2. On June 4, 2025, Defendant removed the action to federal court based on federal question jurisdiction. ECF No. 1.

3. On September 17, 2025, the Court entered an Order granting the Stipulated Discovery Plan and Scheduling Order submitted by the parties. ECF No. 15.

4. In compliance with LR IA 6-1, this is the third request by the parties to extend the discovery deadlines.

5. On November 21, 2025, Defendant issued its First Set of Requests for Production of Documents to Plaintiff. Plaintiff provided responses on December 23, 2025. These responses included signed authorizations from Plaintiff to obtain medical and employment records.

6. On January 8, 2026, Plaintiff propounded his First Set of Interrogatories to Defendant. Defendant provided its responses on February 23, 2023 after receiving extensions from Plaintiff.

7. On January 8, 2026, Plaintiff issued his First Set of Requests for Admission to Defendant. Defendant provided its responses on February 23, 2023 after receiving extensions from Plaintiff.

8. On March 12, 2026, Defendant made its initial expert disclosures.

9. On March 31, 2026, Plaintiff dispatched a ten-page meet and confer letter and requested a meet and confer discussion with Defendant's counsel outlining perceived deficiencies with Defendant's Interrogatory Responses.

10. On April 1, 2026, Plaintiff dispatched a five-page meet and confer letter and requested a meet and confer discussion with Defendant's counsel outlining perceived deficiencies with Defendant's responses to Requests for Production of Documents.

11. On April 10, 2026, Defendant propounded its First Set of Interrogatories, First Set of Requests for Admission, and Second Set of Requests for Production of Documents to Plaintiff.

12. On May 14, 2026, Plaintiff provided responses to Defendant's First Set of Interrogatories, First Set of Requests for Admission, and Second Set of Requests for Production of Documents to Plaintiff.

13. During the past 90 days, the parties have had several meet and confer discussions regarding Defendant's responses to Plaintiff's propounded Interrogatories. During a meet and confer on August 6, 2028, the parties were able to discuss specific items of focus for potential additional production which may be useful during depositions.

14. Plaintiff has noticed the following depositions of Defendant's employees/former employees:

a. John Johnson, August 25, 2026;
b. Robert Stormo, August 28, 2026;
c. Wayne Wilson, September 3, 2026;
d. Robert Lynch, September 3, 2026; and
e. Marcus Bray, September 4, 2026.

The parties are confirming availability of witnesses during these dates and are working cooperatively to proceed with the taking of these depositions.

15. Plaintiff also seeks the deposition of Dan Beens, a former employee of Defendant. Defendant has now located Mr. Beens' last known contact information and is preparing an updated Rule 26 disclosure to provide the information to Plaintiff.

16. Mr. Beens and Mr. Lynch are no longer employed with Defendant, and thus it is anticipated Plaintiff may need to subpoena their appearances or take further action.

17. Defendant previously noticed the deposition of Plaintiff but was unable to proceed due to a client request to reschedule. The parties are working together to find a mutually agreeable date among the parties and counsel.

18. Plaintiff has indicated it will seek a Rule 30(b)(6) witness of Defendant and is preparing a list of topics so that Defendant can identify witnesses and confer with counsel as to any objections to the noticed topics.

19. On August 6, 2026, Defendant noticed its intent to issue subpoenas duces tecum to Plaintiff's past and present employers. Defendant intends to serve the subpoenas during the week of August 10, 2026 to records custodians in Nevada and California. Defendant seeks production of records from the custodians by September 4, 2026.

20. The parties stipulate and agree to extend the deadline for the close of discovery for one hundred twenty days (120) days to allow the parties to complete written discovery, attempt good faith resolution of discovery disputes, and conduct necessary depositions in order to fully evaluate the claims and defenses presented.

21. By making this stipulation, the parties agree that no claims, defenses, or arguments are waived.

**A. STATEMENT OF DISCOVERY THAT HAS BEEN COMPLETED**

The parties have exchanged hundreds of pages of documents in their initial and multiple supplemental disclosures of documents and witnesses pursuant to FRCP 26(a)(1). Defendant also responded to Plaintiff's first set of requests for the production of documents, interrogatories, and requests for admission. Plaintiff has also responded to Plaintiff's interrogatories, requests for production of documents, and requests for admission. Plaintiff and Defendant are continuing the meet and confer process regarding Plaintiff's perceived deficiencies with Defendant's responses. Defendant has obtained Plaintiff's medical records via subpoena and has noticed its intent to seek employment records. Defendant has also disclosed an expert to offer opinions as to the injuries allegedly sustained by Plaintiff.

**B. STATEMENT OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The parties continue to engage in the meet and confer process regarding Defendant's responses to written discovery and scope of ESI requests.

Plaintiff seeks depositions of Defendant through Rule 30(b)(6) witness(es) and will seek deposition of other individuals with knowledge of the facts at issue as outlined above.

Defendant seeks the deposition of Plaintiff and also seeks to depose three of Plaintiff's treating medical providers.

The parties continue to evaluate the potential need for additional witness depositions, written discovery, and other forms of discovery as additional facts and information become available.

**C. PROPOSED SCHEDULE**

The parties stipulate and agree that:

1. **Expert Disclosures**: The time for disclosure of experts has passed.

2. **Discovery:** The discovery period shall be extended one hundred twenty (120) days from **September 8, 2026, to January 6, 2027**. The deadline to request an additional extension to the discovery period shall be December 16, 2026, twenty-one (21) days before the scheduled

discovery cut-off.

3. **Dispositive Motions:** The parties shall have through and including **February 5, 2027**, to file dispositive motions, which is 30 days after the discovery deadline.

4. **Pre-Trial Order:** If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or by further order of the Court.

5. Extensions or Modifications of the Discovery Plan and Scheduling Order: In accordance with Local Rule 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

**D. GOOD CAUSE SUPPORTS THIS REQUEST.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation."

Here, good cause exists to extend the discovery schedule as requested herein. The parties have cooperated in early settlement discussions and have acted in good faith to comply with the discovery deadlines. Significant discovery has occurred during the discovery period following earlier efforts to resolve the case. The parties have attempted to narrow the remaining discovery needs and will continue to cooperate in scheduling depositions and remain diligent in moving forward with these activities. The parties are also attempting to resolve discovery disputes in good faith and without necessitating the involvement of the court. Additionally, some delay occurred in locating proper records custodians for Plaintiffs prior and current employers. Plaintiff's employment typically involves on-site construction projects and thus central office locations were not readily available. Using the information Plaintiff provided, Defendant was able to locate likely locations for records custodians and/or registered agents and has now initiated the subpoena process. Defendant requires this information to effectively depose Plaintiff.

Moreover, Plaintiff's counsel's two-attorney firm has experienced personnel transition, has been tending to another *pro bono* matter in this Court, as well as counsel's medical issues including physical injuries which have required observation and extensive testing and screening.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

To ensure the parties have the full and fair opportunity to seek discovery and prepare for trial and potential reengagement in alternative dispute resolution, the parties believe this extension is warranted. To avoid unnecessarily creating hardship, counsel have agreed to extend all relevant discovery deadlines by one hundred twenty (120) days.

This stipulation and order is sought in good faith and not for the purpose of delay.

Dated this 7th day of August, 2026.

GABROY MESSER

*/s/ Christian Gabroy*
Christian Gabroy, Bar #8805
Kaine Messer, Bar #14240
The District at Green Valley Ranch
170 S. Green Valley Parkway, Suite 280
Henderson, NV 89012

*Attorney for Plaintiff*
*Jacob Brents*

JACKSON LEWIS P.C.

*/s/ Kyle J. Hoyt*
Deverie J. Christensen, Bar # 6596
Kyle J. Hoyt, Bar #14886
300 South Fourth Street, Suite 900
Las Vegas, Nevada 8910

*Attorneys for Defendant*
*Kiewit Power Constructors Co.*

**ORDER**

IT IS SO ORDERED.

United States Magistrate Judge

Dated: August 10, 2026

4930-7750-2661, v. 3